DLD-166                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3868
_____

JAMIL GANDY,
                                    Appellant

v.

SUPERINTENDENT GRATERFORD SCI; DISTRICT ATTORNEY OFFICE
DELAWARE, ET. AL.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-13-cv-04032)
District Judge Lawrence F. Stengel
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
March 3, 2016
Before:  CHAGARES, GREENAWAY, JR. and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 6, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Jamil Gandy appeals from the judgment of the United States District Court for the Eastern District of Pennsylvania in his § 1983 action. As the appeal does not present a substantial question, we will summarily affirm the decision of the District Court.

Gandy initiated this § 1983 action in 2013 against Michael Wenerowicz, Superintendent of SCI-Graterford, and the Delaware County District Attorney's office, alleging that these Defendants "refused to allow him to access biological evidence for the purpose of forensic DNA testing" in connection with his 1985 first-degree murder conviction in Delaware County. Gandy contends that the District Attorney's office destroyed the evidence in 1984, and acknowledges that he was aware of this alleged destruction by 2006, when he filed a PCRA petition based on the trial Court's failure to preserve the DNA evidence. The allegations against Wenerowicz are not as clear, and appear to be based solely on Wenerowicz's putative status as Gandy's "custodian" – Gandy contends that Wenerowicz's "involvement can be found based upon the custodian of plaintiff's personal as a result of the allegations set forth in the suit."

On November 2, 2015, the District Court granted Defendants' respective motions to dismiss, finding that Wenerowicz lacked sufficient personal involvement, and that Gandy's claim against the District Attorney's office was time-barred. Gandy filed a timely notice of appeal on November 24, 2015.

We review the District Court's dismissal under Rule 12(b)(6) using the same test that the District Court should have applied and ask whether it has "sufficient factual matter; accepted as true; to state a claim to relief that is plausible on this face." Fantone v. Latini, 780 F.3d 184, 186-193 (3d Cir. 2015) (citing Ashcroft v. Iqbal; 556 U.S. 662 678 (2009)). We may summarily affirm the District Court where "it clearly appears that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action." 3d Cir. I.O.P. 10.6 (2015).

The District Court correctly dismissed Gandy's § 1983 claim. As to Wenerowicz, the only allegation of his personal involvement in this action is his putative status as Gandy's custodian. As the Court accurately observed, "[a] defendant in a civil rights action must have personal involvement in the alleged wrong' to be liable." Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003) (quoting Rode v. Dellarciprete, 845 F.3d 1195, 1207 (3d Cir. 1988)). To the extent Gandy's claim is based on Wenerowicz's status as the highest ranking official at SCI-Graterford, or his status as Gandy's custodian, this is not a viable theory of liability absent personal participation. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*.").

As to the District Attorney's office, a limitations defense may be raised in a 12(b)(6) motion only when "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Schmidt v. Skolas,

770 F.3d 241, 249 (3d Cir. 2014) (internal quotations omitted).  Here, the District Court accurately observed that Gandy's claim is subject to Pennsylvania's two-year limitation period on personal injury actions. See Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 78 (3d Cir. 1989) (citing Wilson v. Garcia, 471 U.S. 261, 280 (1985)) ("[A]s a matter of federal law, all section 1983 claims are subject to the state statute of limitations for personal injury actions.").  Gandy acknowledges that he discovered his injury – the alleged destruction of the DNA evidence – no later than 2006, when he filed a PCRA petition based on this claim.  He filed this action some seven years later, well beyond the two-year limitation period.

Accordingly, we will affirm the decision of the District Court.[1]

---

[1] In his Argument in Support of Appeal, Gandy addresses the propriety of his murder conviction and the alleged misconduct of the District Attorney's office in securing that conviction.  He does not, however, address the propriety of District Court's order as it relates to the limitations issue or Wenerowicz's lack of personal involvement in this action.